**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**MARQUIS PHILLIPS,**

                **Plaintiff**,

   v.                                                     9:19-CV-0383
                                                             (TJM/TWD)

**TROY MITCHELL, et al.,**

                **Defendants.**
_____

APPEARANCES:                                                 OF COUNSEL:

MARQUIS PHILLIPS
Plaintiff, *pro se*
12-A-4710
Great Meadow Correctional Facility
Box 51
Comstock, New York 12821

HON. LETITIA JAMES                              KONSTANDINOS D. LERIS, ESQ.
Attorney General for the State of New York      LAUREN ROSE EVERSLEY, ESQ.
Counsel for Defendants                               Assistant Attorney Generals
The Capitol
Albany, New York 12224

THOMAS J. MCAVOY, Senior United States District Judge

## DECISION AND ORDER

Marquis Phillips ("Plaintiff"), an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), commenced this *pro se* action pursuant to 42 U.S.C. § 1983, asserting his constitutional rights were violated at Auburn Correctional Facility ("Auburn"). (Dkt. No. 1.) After the Court initially considered Plaintiff's complaint, he moved to amend the complaint to substitute Correctional Officer

1

Thomas Kozak ("Kozak") for defendant "John Doe #1" and include additional claims. (Dkt. No. 25.) The Court granted Plaintiff's motion to amend and conducted a review of the amended complaint pursuant to 28 U.S.C. § 1915(e). The Court accepted the amended complaint for filing and concluded the following claims remained in this action: Plaintiff's Eighth Amendment failure to protect claim against Kozak stemming from an attempted suicide on April 4, 2016, and Eighth Amendment excessive force, sexual assault, and failure to intervene claims against Lieutenant Troy Mitchell and Correctional Officer Cayle Curtis stemming from an incident on October 8, 2016. (Dkt. Nos. 28, 29.)

Currently before the court is Kozak's motion for summary judgement with respect to the Eighth Amendment failure to protect claim asserted against him. (Dkt. No. 41.) Plaintiff has not responded to the motion and the time to do so has expired. (*See* Dkt. No. 46.) For the reasons that follow, the Court grants Kozak's motion.

## I.   RELEVANT BACKGROUND[1]

Plaintiff was housed at Auburn from approximately May 8, 2014, through January 6, 2017. (Dkt. No. 41-3 at ¶ 6, Kozak's Statement of Material Facts.[2]) Plaintiff was designated as a "level one Office of Mental Health ("OMH") offender." *Id*. at ¶ 7. Therefore, he was intermittently housed in the Auburn Mental Health Unit and Residential Crisis Treatment Program from January 2016 through March 2016. *Id*. On March 28,

---

[1] Only Kozak has moved for summary judgment and, therefore, the facts discussed herein only pertain to Plaintiff's Eighth Amendment failure to protect claim asserted against him.

[2] Page references to documents identified by docket number are to the numbers assigned by the CM/ECF docketing system maintained by the Clerk's Office. Paragraph numbers are used where documents identified by the CM/ECF docket number contain consecutively numbered paragraphs.

2016, Plaintiff was placed on OMH "One-to-One" suicide watch in Isolation Room number 6 ("ISO cell 6") in Auburn's infirmary.  *Id*. at ¶ 8.

On April 4, 2016, Kozak was assigned to the Auburn Mental Health Unit for the 6:00 p.m. to 11:00 p.m. shift to monitor Plaintiff on a One-to-One suicide watch.  *Id*. at ¶ 9.  A One-to-One suicide watch requires constant visual observation of the inmate and the officer responsible for monitoring the inmate must record behavior and condition of the inmate in the Suicide Watch logbook ("logbook") at 15-minute intervals.  *Id*. at ¶ 10.  Kozak recorded Plaintiff's behavior in the logbook at 15-minutes intervals, commencing at 6:00 p.m.  *Id*. at ¶ 14.  On at least four occasions, Kozak indicated in the logbook that Plaintiff paced around the room, and he instructed Plaintiff to remain where he could see him.  *Id*. at ¶ 15.

The events immediately preceding Plaintiff's eventual suicide attempt are in dispute.  To that end, Kozak contends that he continually monitored Plaintiff's cell and that Plaintiff eventually moved to an area in the cell that was partially obstructed by a shower.  (Dkt. No. 41-4 at ¶¶ 9, 11, Kozak's Declaration.)  According to Kozak, "at some point between 8:15 p.m. and 8:25 p.m., [he] observed Plaintiff rubbing his arm on an object within the cell, and [he] immediately asked what [Plaintiff] was doing."  *Id*. at ¶ 12.  Kozak avers he instructed Plaintiff to stop what he was doing and return to an area where he could see him.  *Id*.  At that point, Kozak claims he noticed Plaintiff had a few "superficial cuts or scratches" on his arm and he yelled to notify other officers that he needed assistance.  *Id*.  Kozak denies leaving his post at any point during his shift on April 4, 2016.  *Id*. at ¶¶ 5, 14.

3

Plaintiff, on the other hand, asserts that Kozak had left his post and was not watching him at the time he cut himself. (Dkt. No. 41-2 at 86, 88, Plaintiff's deposition transcript; *see also* Dkt. No. 29 at ¶ 13, Plaintiff's amended complaint.) According to Plaintiff, Kozak was gone for "a while" after he cut himself and he was able to cut himself more than once. (Dkt. No. 41-2 at 91.)

The impetus for Plaintiff's Eighth Amendment failure to protect claim against Kozak is that, because Kozak left his post while he was assigned to One-to-One suicide watch, he was deliberately indifferent to the possibility that he would attempt suicide in his cell on April 4, 2016. (Dkt. No. 29 at ¶ 13; Dkt. No. 41-1 at 102-04.)

## II. MOTION FOR SUMMARY JUDGMENT

### A. Summary Judgment Standard

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). The party moving for summary judgment bears the initial burden of showing, through the production of admissible evidence, that no genuine issue of material fact exists. *Salahuddin v. Gourd*, 467 F.3d 263, 272-73 (2d Cir. 2006). The movant may meet this burden by showing that the nonmoving party has "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

4

If the moving party satisfies its burden, the nonmoving party must move forward with specific facts showing that there is a genuine issue for trial. *Salahuddin*, 467 F.3d at 273. In that context, the nonmoving party must do more than "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Conclusory allegations, conjecture and speculation . . . are insufficient to create a genuine issue of fact." *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998).

The Second Circuit has reminded that on summary judgment motions "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could *reasonably* find for the plaintiff." *Jeffreys v. City of New York*, 426 F.3d 549, 554 (2d Cir. 2005). "At the summary judgment stage, a nonmoving party must offer some hard evidence showing that [his] version of the events is not wholly fanciful." *Id*. (citation and internal quotation marks omitted). Accordingly, statements "that are devoid of any specifics, but replete with conclusions, are insufficient to defeat a properly supported motion for summary judgment." *Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 452 (2d Cir. 1999).

In determining whether a genuine issue of material fact exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 309 (2d Cir. 2008). A verified complaint, as Plaintiff has filed in this case, is to be treated as an affidavit. *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995) ("A verified complaint is to be treated as an

5

affidavit . . . and therefore will be considered in determining whether material issues of fact exist[.]") (citations omitted).

Where a party is proceeding *pro se*, the court is obligated to "read [the *pro se* party's] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). However, "a *pro se* party's 'bald assertion,' unsupported by evidence, is not sufficient to overcome a motion for summary judgment." *Cole v. Artuz*, No. 93 Civ. 5981 (WHP)(JCF), 1999 WL 983876, at *3 (S.D.N.Y. Oct. 28, 1999) (citing *Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

In applying the summary judgment standard, the district court should not weigh evidence or assess the credibility of witnesses. *Hayes v. New York City Dep't of Corr.*, 84 F.3d 614, 619 (2d Cir. 1996); *Rule v. Brine, Inc*., 85 F.3d 1002, 1011 (2d Cir. 1996) (credibility issues, which are questions of fact for resolution by a jury, are inappropriately decided by a court on a motion for summary judgment).

### B.     Plaintiff's Failure to Respond to Kozak's Motion[3]

While courts are required to give due deference to a plaintiff's *pro se* status, that status "does not relieve [a *pro se*] plaintiff of his duty to meet the requirements necessary to defeat a motion for summary judgment." *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003).  Plaintiff has failed to respond to Kozak's motion for summary

---

[3] The Local Rules were amended effective January 1, 2021.  In the amendment, L.R. 7.1 was dissected and various subsections were renumbered and relocated to correspond with the appropriate Federal Rule.  The relevant substance of the rules did not change.  In the currently operative version of the Local Rules, L.R. 56.1 deals with summary judgement motions.  However, because the instant motion was filed in 2020, the Court refers to the Local Rules as they existed at that time.

judgement and has specifically failed to respond to the statement of material facts in the manner required under N.D.N.Y. L.R. 7.1(a)(3).[4] "The fact that there has been no response to a summary judgment motion does not, of course, mean that the motion is to be granted automatically." *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996). However, when a motion for summary judgment is unopposed, the court may "grant summary judgment if the motion and supporting materials - including the facts considered undisputed - show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3); N.D.N.Y. L.R. 7.1(b)(3).

Where, as in this case, a party has failed to respond to the movant's statement of material facts in the manner required under L.R. 7.1(a)(3), the facts in the movant's statement to which the plaintiff has not properly responded will be accepted as true (1) to the extent that they are supported by evidence in the record, and (2) provided that the nonmovant, if proceeding *pro se*, has been specifically advised of the possible consequences of failing to respond to the motion.[5] *See Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996).

Accordingly, the facts set forth in Kozak's Statement of Material Facts (Dkt. No. 41-3) that are supported by record evidence and are uncontroverted by nonconclusory allegations in Plaintiff's amended complaint (Dkt. No. 29) and deposition testimony (Dkt. No. 42-2) will be accepted as true. *See McAllister v. Call*, No. 9:10-CV-610 (FJS/CFH),

---

[4] Local Rule 7.1(a)(3) requires the opposing party to file a response to the movant's Statement of Material Facts. Under the rule, the response "shall mirror the movant's Statement of Material Facts by admitting and/or denying each of the movant's assertions in matching numbered paragraphs. Each denial shall set forth a specific citation to the record where the factual issue arises." N.Y.N.D. L.R. 7.1(a)(3).

[5] Kozak provided Plaintiff with the requisite notice of the consequences of his failure to respond to the motion, as did the Clerk of the Court. (Dkt. No. 41 at 2-3; Dkt. No. 42.)

2014 WL 5475293, at *3 (N.D.N.Y. Oct. 29, 2014) (finding allegations in the plaintiff's verified complaint sufficient to controvert facts in statement of material facts on motion for summary judgment); *Douglas v. Perrara*, No. 9:11-CV-1353 (GTS/RFT), 2013 WL 5437617, at *3 (N.D.N.Y. Sept. 27, 2013) ("Because [p]laintiff has failed to raise any question of material fact, the Court will accept the facts as set forth in [d]efendants' Statement of Facts Pursuant to Rule 7.1(a)(3) . . . supplemented by [p]laintiff's verified complaint . . . as true."). As to any facts not contained in Kozak's Statement of Material Facts, the Court is "required to resolve all ambiguities and draw all permissible factual inferences" in favor of Plaintiff. *Terry*, 336 F.3d at 137.

Moreover, the Second Circuit has ruled that "[a] district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules," including local rules relating to requirements regarding the submission of and response to statements of material facts on summary judgment motions, and to "conduct an assiduous review of the record." *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 73 (2d Cir. 2001) (citation and internal quotation marks omitted). In deference to Plaintiff's *pro se* status, the Court has reviewed the entire record.

### C.     Analysis

"[C]laims involving the risk of suicide have been articulated and addressed as violations of the duty to protect, particularly when asserted against non-medical personnel[,]" as in the case presently before the Court. *Allah v. Kemp*, No. 9:08-CV-1008 (NAM/GHL), 2010 WL 1036802, at *4 (N.D.N.Y. Feb. 25, 2010). To succeed on a claim of failure to protect, the inmate "must establish both that a substantial risk to his safety

actually existed and that the offending [defendant] knew of and consciously disregarded that risk." *Farmer v. Brennan*, 511 U.S. 825, 834 (1970). A failure to protect claim requires a showing that prison officials acted with "deliberate indifference" to the inmate's safety. *Morales v. New York State Dep't of Corr.*, 842 F.2d 27, 30 (2d Cir. 1988).

Kozak argues summary judgment should be granted in his favor on Plaintiff's failure to protect claim because no jury could reasonably find that he acted with deliberate indifference to the safety needs of Plaintiff. (*See generally* Dkt. No. 41-1, Kozak's Memorandum of Law.) The Court agrees.

"'Deliberate indifference' describes a mental state more blameworthy than negligence; but a plaintiff is not required to show that the defendant acted for the 'very purpose of causing harm or with knowledge that harm will result.'" *Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003) (quoting *Farmer*, 511 U.S. at 835); *Brock v. Wright*, 315 F.3d 158, 164 (2d Cir. 2003) ("[N]egligence is not deliberate indifference."). "Deliberate indifference is 'a state of mind that is the equivalent of criminal recklessness.'" *Hernandez*, 341 F.3d at 144 (quoting *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996)). "[D]eliberate indifference involves unnecessary and wanton infliction of pain, or other conduct that shocks the conscience." *Hathaway*, 99 F.3d at 553.

In order for Plaintiff to satisfy his burden to show deliberate indifference, he must demonstrate that the charged official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Johnson v. Wright*, 412 F.3d 398, 403 (2d Cir. 2005) (quoting *Farmer*, 511 U.S. at 837);

9

*accord Phelps v. Kapnolas*, 308 F.3d 180, 185-86 (2d Cir. 2002). In cases involving attempted suicide, deliberate indifference requires "a dual showing that the defendant: (1) subjectively knew the prisoner was at substantial risk of committing suicide; and (2) intentionally disregarded that risk." *See Collins v. Seeman*, 462 F.3d 757, 760 (7th Cir. 2006).

In *Rhyne v. Henderson Cty.*, 973 F.2d 386, 393-94 (5th Cir. 1992), the Fifth Circuit held that, as a matter of law, a jury could not find deliberate indifference where officials checked suicidal inmates only every ten minutes. The Fifth Circuit noted that, although under the facts of the case, periodic checks may have been in fact inadequate and could form the basis of a sound negligence claim, the periodic checks reflected concern, rather than apathy for inmate safety, and no evidence indicated that frequent periodic checks were obviously inadequate. *See id*.

Similarly, in *Kelsey v. City of New York*, the district court found defendants were entitled to summary judgment because the record did not establish the challenged conduct of the corrections officers exhibited deliberate indifference. No. 03-CV-5978 (JFB)(KAM), 2006 WL 3725543, at *7 (E.D.N.Y. Dec. 18, 2006), *aff'd*, 306 F. App'x 700 (2d Cir. 2009). Specifically, in *Kelsey*, the plaintiff claimed the officer in question should have physically restrained the inmate rather than merely surrounding him to prevent him from committing suicide. *See id*. The court found that "a reasonable finder of fact could not conclude that the steps taken were obviously inadequate to the risk that [the inmate] would be able to extricate himself from custody and take his own life by running up the stairwell and jumping off the roof of the building." *Id*. (citing *Taylor v. Wausau Underwriters Ins. Co.*,

423 F. Supp. 2d 882, 896-97 (E.D. Wis. 2006) (finding lack of deliberate indifference as a matter of law where it was not foreseeable that the actions of the state official — allowing cell to be dark for a few minutes — would allow for decedent's suicide)).

Moreover, a prison official who responds reasonably to a known risk of harm to an inmate will not be found liable, even if the harm is ultimately not averted. *See Farmer*, 511 U.S. at 844-45; *see also Silvera v. Dep't of Corrs.*, No. 3:09-cv-1398, 2012 WL 877219, at *13 (D. Conn. Mar. 14, 2012) ("Simply laying blame or fault and pointing out what might have been done is insufficient.  The question is not whether the [defendants] did all they could have, but whether they did all the Constitution requires.") (quoting *Rellegert v. Cape Girardeau Cty.*, 924 F.2d 794, 797 (8th Cir. 1991)).

Here, viewing the facts of this case in a light most favorable to Plaintiff, there is no reasonable basis for a jury to find that Kozak exhibited deliberate indifference to Plaintiff's safety needs.  Rather, at best there is simply a dispute as to whether Kozak left Plaintiff's cell unattended for an unspecified — but short — time.  However, it is also undisputed that Plaintiff was placed on a One-to-One suicide watch on March 28, 2016, and on April 4, 2016, Kozak recorded the Plaintiff's behavior in the logbook at 15 minutes intervals beginning at 6:00 p.m., and on at least four occasions Kozak indicated in the logbook that Plaintiff paced around the room and he instructed Plaintiff to remain where he could see him.  (Dkt. No. 41-3 at ¶¶ 8, 11, 15.)  At 8:15 p.m., Kozak recorded in the logbook that Plaintiff was walking around the room naked.  *Id*. at ¶ 15.  At approximately 8:25 p.m., Plaintiff presented to Kozak with blood on his left arm and Kozak immediately requested assistance.  *Id*. at ¶¶ 16, 17.

Thus, in light of the significant steps taken to protect Plaintiff, including placing him on suicide watch and monitoring his actions at least every 15 minutes, the mere fact that these measures failed to prevent his suicide attempt does not provide a basis from which a reasonable jury could conclude that Kozak was deliberately indifferent. *See Kelsey*, 2006 WL 3725543, at *7 ("It is deceivingly inviting to take the suicide, *ipso facto*, as conclusive proof of deliberate indifference. However, where suicidal tendencies are discovered and preventive measures taken, the question is only whether the measures taken were so inadequate as to be deliberately indifferent to the risk.") (quoting *Rellegert*, 924 F.2d at 797). Accordingly, on the present record, Kozak is entitled to summary judgment.

### III. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions, and the applicable law, and for the reasons stated herein the Court hereby:

**ORDERS** that Kozak's motion for summary judgment (Dkt. No. 41) is **GRANTED**; and the Court further

**ORDERS** that Kozak is **DISMISSED** as a Defendant herein; and the Court further

**ORDERS** that the Clerk provide to Plaintiff a copy of this Memorandum-Decision and Order, along with copies of the unpublished decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

**IT IS SO ORDERED**

**DATED**: March 29, 2021

Thomas J. McAvoy
Senior, U.S. District Judge